IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

    Plaintiff,

v.

ERICK DAVID LOPEZ,

    Defendant.

                                      /

No. C 08-00342 SI

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

On October 31, the Court heard oral argument on defendant's motion to suppress evidence. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion to suppress.

## BACKGROUND[1]

On March 20, 2008, Officers Hicklin and Labson observed a white Mitsubishi approaching the intersection of Larkin and Ellis Streets in downtown San Francisco. Officer Labson noticed that the car had no front license plate and that the front driver's side window was tinted "to a point where [he] was unable to determine the identity of the driver." Officers Hicklin and Labson effectuated a traffic stop.

As the officers approached, defendant Erick Lopez opened the front passenger door and stepped out of the car. Officer Labson ordered defendant to get back inside the car. When defendant did not comply, Officer Labson identified himself as a police officer and repeated the order. Defendant

---

[1] All facts are taken from the San Francisco Police Department report relating to this incident. *See* Def. Mot. to Suppress, at ex. A. Defendant has offered no other evidence in support of his motion.

proceeded to flee down Ellis Street and Officer Labson pursued him on foot. Officer Labson noticed defendant reach toward his waistband as he ran. When Officer Labson reached the intersection of O'Farrell and Polk Streets, he observed defendant on his knees "attempting to manipulate or conceal an item in the gutter." Officer Labson drew his gun and ordered defendant to show his hands. Defendant complied and Officer Labson arrested him for resisting, delaying or obstructing a police officer, in violation of California Penal Code § 148(a)(1). Officer Labson later retrieved a handgun that was stuck in the gutter grate.

Now before the Court is defendant's motion to suppress the fruits of defendant's detention.

## LEGAL STANDARD

"The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions.'" *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). A traffic stop constitutes a seizure, and a police officer must have a "reasonable suspicion" that a violation of the law has occurred before detaining a motorist. *Bingham v. City of Manhattan Beach* 341 F.3d 939, 946 (9th Cir. 2003) (citing *Whren v. United States*, 517 U.S. 806, 809-10 (1996)); *see also Delaware v. Prouse*, 440 U.S. 648, 663 (1979) (police officer must have "articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law").

## DISCUSSION

Defendant argues that Officers Labson and Hicklin were not justified in stopping the car in which defendant was a passenger because the officers did not have reasonable suspicion that a violation of the law had occurred. Officer Labson provided two justifications for stopping the car. First, he

noticed that the car was missing a front license plate and suspected that it was driven in violation of California Vehicle Code § 5200. Section 5200 provides:

> (a) When two license plates are issued by the department for use upon a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and the other in the rear.
>
> (b) When only one license plate is issued for use upon a vehicle, it shall be attached to the rear thereof . . .

According to defendant, Officer Labson's observation that the white Mitsubishi had no front plate was not a sufficient basis for him to conclude that it was driven in violation of § 5200. The car could have been issued two license plates (making subsection (a) applicable), or it could have been issued one license plate (making subsection (b) applicable). Officer Labson, however, had no articulable and reasonable basis for suspecting subsection (a) was the operative statute.

Defendant contends that the existence of an exception to the two-plate rule precludes the police from stopping to investigate how many plates were issued to the car. The authority defendant cites in support of his theory, however, contradicts this point. "The question for us . . . is not whether [the car owner's] vehicle was in fact in full compliance with the law at the time of the stop, but whether [the police officer] had 'articulable suspicion' it was not. The possibility of an innocent explanation for a missing front license plate does not preclude an officer from effecting a stop to investigate the ambiguity." *People v. Saunders*, 38 Cal. 4th 1129, 1136 (2006) (citations omitted). In fact, *Saunders* rejected defendant's exact argument regarding § 5200. *See id.*

"While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). Officer Labson's observation that the white Mitsubishi did not have a front license plate was an objective justification for him to suspect that it was driven in violation of § 5200(a).

Officer Labson's second justification for driving the car was also sufficient to meet the reasonable suspicion standard. He noticed that the front driver's side window was tinted too darkly for him to determine the identity of the driver. Officer Labson therefore suspected that the windows violated California Vehicle Code § 26708.5(a), which provides:

3

(a) No person shall place, install, affix, or apply any transparent material upon the windshield, or side or rear windows, of any motor vehicle if the material alters the color or reduces the light transmittance of the windshield or side or rear windows, except as provided in subdivision (b), (c), or (d) of Section 26708.

Section 26708(d) specifies that a transparent material affixed to front side window must have a minimum visible light transmittance of 88 percent.

The Ninth Circuit recently considered whether a traffic stop was justified based on a suspected violation of a different section of the vehicle code that regulates tinting on car windows. *United States v. Caseres*, 533 F.3d 1064 (9th Cir. 2008) (reviewing stop based in part on suspected violation of California Vehicle Code § 26708(a)(1)). *Caseres* rejected the government's justification for the stop because the officer "had no way of knowing that the tint was not factory-installed, legally tinted safety glass." *Id.* at 1069. In this case, however, Officer Labson noticed that the tinting was too dark for him to be able to identify the driver of the car.[2] The inference is that the harder it is to see a passenger, the darker the tinting on the windows, and the more likely it is that the window tinting violates § 26708(d) by allowing a light transmittance of less than 88 percent. Officer Labson's observation about the effect of the tinting amounts to "additional articulable facts suggesting that the tinted glass is illegal." *See id.* (citing *People v. Butler*, 202 Cal. App. 3d 602 (1998)). The tint on the front driver's side window of the Mitsubishi therefore provided a second justification for the traffic stop.

Accordingly, the traffic stop did not violate the Fourth Amendment. The suppression of the evidentiary fruits of the stop is not warranted and defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: 11/3/08

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that according to the police report, this incident occurred at 10:45 pm. It is possible that Officer Labson's inability to see the driver was due to the fact that there was no sunlight, not due to the tinting on the windows. The officer's assertion is uncontroverted, however, and defendant presents no evidence suggesting that the time of day should affect the Court's analysis.